## COMMONWEALTH *vs.* WILLIAM H. ARMSTRONG.

An indictment on *St.* 1855, c. 215, § 17, for being a common seller of intoxicating liquors from a day named to the day of finding the indictment, is supported by proof of three sales by him of such liquors on any one day after that which is named, and before the finding of the indictment.

INDICTMENT on *St.* 1855, c. 215, § 17, found at February term 1856 of the court of common pleas, for being a common seller of intoxicating liquors at Woburn on the 1st of July 1855, " and at said Woburn from said last mentioned day to the day of finding this indictment."

At the trial in the court of common pleas, there was evidence that the defendant made five or six sales of intoxicating liquors at Woburn in the evening of the 27th of August 1855; but there was no evidence that he ever made any sales in Woburn at any other time.

The defendant contended that the proof, being that all the sales were made on one day, did not support the indictment. But *Bishop,* J. ruled otherwise, and the defendant, being found guilty, excepted to this ruling.

*S. A. Brown,* for the defendant. The offence of being a common seller of intoxicating liquors may be committed either on one day, or during a space of time covering many days or months; but the indictment should show which is intended to be proved; and there was a variance in this case between the indictment and the evidence. *Commonwealth* v. *Elwell,* 1 Gray, 463. *Commonwealth* v. *Perley,* 2 Cush. 559.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. It is settled that this indictment is in proper legal form. *Commonwealth* v. *Tower,* 8 Met. 527. *Commonwealth* v. *Elwell,* 1 Gray, 464. And, as was said by Lord Ellenborough, in *Rex* v. *Hunt,* 2 Campb. 585, " it is invariably enough to prove so much of the indictment as shows that the defendant has committed a substantive crime therein specified."

It is also settled that proof of three sales on the same day is sufficient to render the seller liable to the penalty of being a common seller. *Commonwealth* v. *Rumrill,* 1 Gray, 388. Evidence would have been admissible, that the defendant made sales on divers other days, between the first of July and the day of the finding of the indictment; but it was unnecessary. If such proof had been given, it would not have enhanced the penalty. And this conviction will be a bar to any other indictment of the defendant for being a common seller between the 1st of July 1855 and the day when this indictment was found.

*Exceptions overruled.*